## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DANIEL J. MASHBURN,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-00838-P-BP** |
| | § | |
| **TARRANT COUNTY COLLEGE** | § | |
| **DISTRICT,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Daniel J. Mashburn ("Mashburn") sued Defendant Tarrant County College District ("TCCD") on July 11, 2021, alleging, among other things, that TCCD discriminatorily fired him because of religious animus. ECF No. 1. That same day, Mashburn's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 4. With the Complaint, Mashburn submitted an Application to Proceed in District Court Without Prepaying Fees or Costs and an Affidavit in Support. ECF Nos. 3 and 3-1, respectively. Mashburn submitted no evidence that paying the filing fee would cause him severe financial hardship, but simply asserted that he had "basically nothing" and could not afford an attorney. ECF No. 3-1 at 1–2.

Needing more information to determine Mashburn's eligibility to proceed *in forma pauperis*, the Court issued an Order dated August 20, 2021, directing Mashburn to either pay the filing fee or file an amended motion to proceed *in forma pauperis*, along with a conforming affidavit as required by 28 U.S.C. § 1915(a), by September 20, 2021. ECF No. 6. When Mashburn did not comply with that Order, the Court entered an additional Order, dated September 28, 2021,

reminding him of the prior Order and the missed deadline, and directing him to either pay the filing fee or file an amended motion to proceed *in forma pauperis*, along with a conforming affidavit, on or before October 12, 2021. ECF No. 7. Both Orders warned Mashburn that noncompliance would result in a recommendation that his request for leave to proceed *in forma pauperis* be denied and his case be dismissed under Federal Rule of Civil Procedure 41(b).

To date, Mashburn has not complied with either Order and has made no additional filings in this case. Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Thus, because Mashburn did not comply with the Court's Orders dated August 20, 2021 and September 28, 2021 (ECF Nos. 7 and 8, respectively), and further because he has made no filing explaining this delay, his case should be dismissed. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** Mashburn's action **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** October 15, 2021.

 

                        Hal R. Ray, Jr.
                        UNITED STATES MAGISTRATE JUDGE